Argued April 3, affirmed September 26, 1974

# RICKLI ET AL, *Appellants, v.* AUTZEN ET AL, *Respondents.*

526 P2d 547

[ 1 ]

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for appellants.

*Frederick A. Jahnke,* Portland, argued the cause for respondents. With him on the brief were Robert C. Wall, and Reiter, Wall, Bricker & Zakovics, P. C., Portland.

Before McAllister, Presiding Justice, and Denecke,* Holman, Tongue and Bryson, Justices.

## HOLMAN, J.

Plaintiffs brought an action based on the theory of restitution, claiming that defendants were unjustly enriched by money paid by plaintiffs to a third party under a mistake of fact. A demurrer was sustained to plaintiffs' complaint and plaintiffs appealed from a judgment dismissing their complaint which was entered when they refused to plead further.

The complaint states that defendants were the owners of all the stock in a corporation called Western

---

*Denecke, J., did not participate in the decision of this case.

Manufacturing Company. They offered the stock to two individuals, Dutton and Scheidt, for the sum of $500,000, payable $75,000 down and the balance on time payments. To induce the purchase of the stock, defendants falsely represented to Dutton and Scheidt the status of the corporation's business and the degree of development of the corporation's sole product, a disposal machine known as an "Alley-Gator."[1] Relying on these misrepresentations, Dutton and Scheidt contacted plaintiffs and innocently repeated the same misrepresentations to plaintiffs for the purpose of inducing plaintiffs to loan the money to make the down payment on the purchase of the Western Manufacturing Company stock. Dutton and Scheidt then established a corporation, Disposal Technology, Inc., for the purpose of purchasing the stock. Mistakenly relying upon defendants' misrepresentations repeated to them by Dutton and Scheidt, plaintiffs loaned the money to Disposal Technology, Inc., and took its note in return. After receiving the $75,000 from plaintiffs, Disposal Technology, Inc., paid it to defendants as the down payment on the purchase price of the stock. Plaintiffs and Dutton and Scheidt discovered the representations made by defendants were untrue and made a demand upon defendants to return the money, but defendants refused to do so.

Plaintiffs cite many general textual statements concerning the application of the doctrine of restitution and how unjust enrichment is basic to the doctrine, and state that "[u]njust enrichment of a person occurs when he has and receives money or benefits which in justice and equity belong to another." Plaintiffs claim

---

[1] This case is an outgrowth and continuation of the litigation which was the subject of the opinion in Disposal Technology, Inc. v. Ehrlich, 260 Or 551, 491 P2d 1009 (1971).

that their case fits into this mold and that the ·trial court erred in sustaining defendants' demurrer to their complaint.

■ When, as in this case, an action for restitution is based upon allegations of misrepresentations, basic to plaintiffs' recovery is a question of legal causation, i.e., the scope of defendants' responsibility for their misrepresentations. As Dean Keeton[2] puts it, do plaintiffs "fall within the ambit of a fraudulent representor's responsibility"?[3] He makes the following statement:

"* * * It seems that the actual results of the cases can best be explained by the following rules: A fraudulent representor should be responsible to anyone to whom the statement is directly communicated, provided the latter is justified in regarding the statement as addressed to himself; a fraudulent representor should be responsible to anyone who receives the statement through a third person, provided the latter had the *actual* or *apparent* authority to communicate it * * *." (Emphasis his.)[4]

The only statement concerning this matter in the Oregon cases which has come to our attention is a somewhat more restrictive rule than that of Dean Keeton's. In *Menefee v. Blitz,* 181 Or 100, 124-25, 179 P2d 550 (1947), this court quoted with approval the following statement from *Henry v. Dennis,* 95 Me 24, 29, 49 A 58, 85 Am St R 365 (1901):

"It is a general rule that a person cannot complain of false representations, for the purpose of maintaining an action of deceit, unless the repre-

[2] W. Page Keeton, Dean, University of Texas Law School.

[3] W. Page Keeton, *The Ambit of a Fraudulent Representor's Responsibility,* 17 Tex L Rev 1, 11 (1938).

[4] Ibid.

sentations were either made directly to him, with the intention that they should be acted upon by him, or made to another person with the intention that they should be communicated to him and acted upon by him."

3 Restatement of the Law of Torts, § 533, states a rule which, insofar as representations made through third persons are concerned, is similar to that stated in *Menefee*. It is as follows:

"The maker of a fraudulent misrepresentation in a business transaction is subject to liability to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, is made to a third person for the purpose of having him repeat its terms or communicate its substance to the other in order to influence his conduct in a particular transaction or type of transaction."

■ Whether the liberal or the more restrictive view of the scope of the misrepresentor's responsibility is taken, it is apparent that plaintiffs have not alleged facts which are sufficient to make defendants responsible to them for their misrepresentations. To take the more liberal view, there is no showing that the representations were made by defendants to plaintiffs or that they were made under such circumstances that the plaintiffs were entitled to believe that Dutton and Scheidt had been authorized by defendants to communicate the representations to them.

The judgment of the trial court is affirmed.