Argued May 9, affirmed June 19, 1975

# CARPENTER ET UX, *Respondents, v.*
# EGLI, *Appellant.*
### 536 P2d 1236

*Alan K. Brickley,* Portland, argued the cause for appellant. With him on the briefs were Peterson, Susak & Peterson, P.C., Portland.

*James W. McClurg,* Portland, argued the cause for respondents. With him on the brief were Kennedy & King, Portland.

DENECKE, J.

The plaintiffs purchased a house from the defendant Egli. They subsequently brought this action against Egli claiming they had been damaged because the defendant misrepresented the size of the lot. Plaintiffs recovered a verdict for $13,000 and defendant appeals.

The defendant assigns as error the trial court's failure to grant his motion for a directed verdict.

The evidence was conflicting. As the plaintiff secured a verdict we will state the evidence most favorable to plaintiff.

The defendant is a builder. He purchased a lot in Lake Oswego, built a house, and engaged a realtor to sell the property. The realtor prepared a multiple listing agreement on which he inserted information

about the property given the realtor by defendant. There was testimony that the defendant told the realtor that the approximate lot size was 80 feet by 100 and this was inserted in the listing agreement. The defendant denied that he gave this lot size, as the defendant knew the actual lot size was 50 by 100.

The information on the listing agreement was printed in a multiple listing book along with a photograph of the house. The defendant knew that this would be done.

Plaintiffs engaged another realtor to find a house for them to buy. The realtor had plaintiffs look at the offerings in the multiple listing book. They were interested in the defendant's house and after inspecting it, bought it. Plaintiffs testified they believed the lot was 80 x 100 because of the statement in the multiple listing book and the appearance of the lot.

A public road is in front of the house. The road consists of a strip of blacktop about one lane wide with gravel shoulders on either side. The lot appears to extend out to the edge of these shoulders, a distance of about 45 feet from the house. This appearance is deceiving because the city has a right of way 30 feet wide that extends to within about 16 feet of the house. The steps to the house and a portion of the paved driveway are in the city's right of way.

The defendant contends his motion for a directed verdict should have been granted because, assuming he told the realtor the lot was 80 x 100, he made no direct representation to plaintiffs. He also did not know the information he gave the agent for the listing agreement would be transmitted and relied upon by plaintiffs or other prospective buyers.

■ We have decided that under certain circumstances if A makes a misrepresentation to B who in

turn makes the same misrepresentation to C, C may have a cause of action against A. *Menefee v. Blitz,* 181 Or 100, 124-125, 179 P2d 550 (1947); *Rickli v. Autzen,* 270 Or 1, 526 P2d 547 (1974). In *Rickli v. Autzen* we observed that in *Menefee v. Blitz,* the rule was stated that in order for C to be able to maintain an action, C must prove that A intended that B would communicate the misrepresentation to C. We commented in *Rickli* that the rule has been expressed more broadly; however we did not have to determine which version of the rule we would adopt.

■ In the present case we also do not need to choose between various versions of the rule. The jury could find the defendant described the lot to the realtor as being 80 x 100 with the intention that the realtor would give this information to prospective buyers, whether by showing buyers the multiple listing information or otherwise.

■ The defendant also contends there was no evidence that the plaintiffs relied or had a right to rely upon his representation that the lot was 80 x 100. Plaintiffs testified the defendant showed them the rear boundary of the lot and plaintiffs, believing the 80 x 100 representation, assumed the front boundary was at the edge of the shoulder of the road. The jury could find plaintiffs relied and had a reasonable right to rely upon defendant's representation.

The defendant contends the trial court erred in admitting into evidence certain exhibits. We conclude the trial court did not err in this regard.

■ The defendant also contends the trial court erred in failing to grant defendant's motion for a new trial. One ground for the motion was that new evidence had been obtained which was not available at the time of trial. The "newly discovered evidence" was cumulative, and the source was an employee of de-

fendant's realtor. The realtor was a party defendant at trial and the employee was the wife of the realtor's attorney. Under these circumstances the trial court did not err in refusing to grant a new trial.

Affirmed.